·Connors, Plaintiff in error, vs. The State, Defendant in
error.

*December 21, 1896 — January 12, 1897.*

·*Criminal law and practice: Confessions, when voluntary: Instructions
to jury.*

1. The determination of the trial court upon a preliminary inquiry as
   to whether an alleged confession was voluntary is controlling, un-
   less it shall be made to appear satisfactorily that such determina-
   tion is clearly against the evidence.

:2. A confession need not have been volunteered or spontaneous in
   order to render evidence thereof admissible, it being sufficient if
   it was made freely, without compulsion, and voluntarily, without
   promise or persuasion.

:3. A confession, made to a chief of police shortly after he had forcibly
   disarmed the accused person who was in his custody to prevent
   him from injuring another, is admissible where it appeared that
   there was an interval between the struggle and the confession;
   that the accused was not asked to confess; and that no induce-
   ments were held out to him and no threats made.

4. An instruction that "the state has sought to prove the defendant's
   guilt by introducing certain alleged confessions and admissions,
   and by showing that he was seen, after the burglary, carrying
   ·something under his coat," is not an instruction that the defend-
   :ant was so seen.

Error to review a judgment of the circuit court for Ash-
land county: John K. Parish, Circuit Judge. *Affirmed.*

The plaintiff in error was convicted of the crime of burg-
lary, and sentenced to· imprisonment in the state prison.
The commission of the burglary was clearly proved, and not
seriously disputed.   The question was whether the plaintiff
in error was the person who was guilty of it.   The more
important alleged error is the reception of evidence to prove
admissions of guilt made by the plaintiff in error to the
·chief of police while he was under arrest, and in his custody.
The testimony disclosed that, while the plaintiff in error was
:in jail on the charge of this crime, he got into an angry

Connors vs. The State.

controversy in the jail with one Larkin, and that, when the chief of police interfered to restore quiet, he picked up a poker and raised it towards the chief, in a threatening manner, when the chief seized a cane which was lying on the floor, and struck him several blows with it, and, in the end, forced him over a pile of wood which was lying on the floor. That seems to have been the end of that matter. After the expiration of about half an hour the chief asked the plaintiff in error: "Did you have anything to do with this burglary?" He answered, "Yes, I did." He then told the chief that another man had broken open the door, and that he had taken a part of the goods, and the other man had taken a part, and told where they had disposed of them. Before receiving evidence of these admissions, the trial court made preliminary inquiry on the question whether they had been made freely and voluntarily. It does not appear that the subject of the burglary was mentioned at the time of the controversy in the jail; nor that threats had been made or promises given; nor that the plaintiff in error had been advised to confess. After such inquiry the evidence was received. The plaintiff in error, as a witness in his own behalf, denied both the commission of the crime and the making of the admissions.

*D. F. O'Keefe,* for the plaintiff in error, to the point that evidence of the alleged confession was inadmissible, cited Roscoe, Crim. Ev. (10th ed.), 42; *Nolen v. State,* 14 Tex. App. 474; *Comm. v. Tuckerman,* 10 Gray, 173; *Comm. v. Curtis,* 97 Mass. 578; *Comm. v. Myers,* 160 id. 530; *People v. Barric,* 49 Cal. 342; *Comm. v. Mitchell,* 117 Mass. 431; *Miller v. People,* 39 Ill. 457; *Comm. v. Sego,* 125 Mass. 210; Phillips, Ev. 86; *Reg. v. Doherty,* 13 Cox, Crim. Cas. 23; *Reg. v. Millen,* 3 id. 507; *Lacey v. State,* 58 Ala. 385; *People v. McMahon,* 15 N. Y. 384; *State v. Phelps,* 11 Vt. 116; *State v. Walker,* 34 id. 296; Rice, Crim. Ev. 492, 494.

For the defendant in error there was a brief by the *Attor-*

*ney General* and *John L. Erdall,* Assistant Attorney General, and oral argument by *Mr. Erdall.*

NEWMAN, J.   The more important of the errors alleged is the receipt of evidence of the alleged admissions, or, as it is called, confession of the plaintiff in error.   It is claimed that it was not shown to have been a free and voluntary confession.   It appears that the trial court made preliminary inquiry on this point, and adjudged it to be voluntary.   This determination of the trial court is controlling, unless it shall be made to appear satisfactorily that the determination is clearly against the evidence.   19 Am. & Eng. Ency. of Law, 629.   Such consideration is due to the judgment of the trial court.   The admissions do not seem to have been voluntary, in the sense that they were volunteered or spontaneous. They were elicited by questions.   But all that is required in that regard is that they shall be made freely, without compulsion, and voluntarily, without promise or persuasion.   It does not appear that the alleged assault upon the plaintiff in error was made in furtherance of any scheme to procure admissions from him him by fear.   On the contrary, it seems to have been made in the lawful purpose of disarming him, in order to prevent him from injuring another.   There was no allusion to the burglary at the time, and the admissions were not made until after an interval.   Nor does it appear that any inducement whatever to a confession was held out or offered.   He was not told that it would be better for him to confess or to tell the truth, or anything of that import. He was not asked to confess, or threatened with consequences of a failure to confess.   None of these things are seriously claimed.   The absence of them quite clearly appeared.   The testimony of the chief of police was quite well corroborated, both as to the admissions themselves, and as to the incidents preceding.   There is no real ground for questioning the correctness of the ruling of the trial court that

Chicago & Northwestern R. Co. vs. Forest County and others.

the admissions were free and voluntary in every legal sense.

Error in the charge to the jury is alleged. The court said, "The state has sought to prove the defendant's guilt by introducing certain alleged confessions and admissions, and by showing that he was seen, after the burglary, carrying something under his coat." It is said that the testimony conflicts as to whether the plaintiff in error was seen, after the burglary, carrying something under his coat. It is claimed that this instruction took the question from the jury. It is said to be equivalent to an instruction that he was seen. A very simple analysis will clearly show that this is not the effect of the instruction. The phrase "has sought to prove . . . by showing," very clearly, is not equivalent, either grammatically or in the common usage of the language, to the phrase "has shown" or "has proved." And it should not, naturally, be so understood by the jury.

The other alleged errors do not require treatment at length.

*By the Court.*— The judgment of the circuit court is affirmed.